IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CLARENCE R. HOBEREK,**

        **Plaintiff,**

v.                                                                                   Civil Action no. 3:05cv120
                                                                                          (Judge Broadwater)

**JAMES SPENCER, Administrator,**
**Northern Regional Jail,**

        **Defendant.**

### MEMORANDUM OPINION and REPORT AND RECOMMENDATION
### THAT CASE BE DISMISSED WITHOUT PREJUDICE

On November 9, 2005, the *pro se* plaintiff, Clarence Hoberek, initiated this case pursuant to 42 U.S.C. § 1983. In the complaint, plaintiff alleges that he received improper dental care while confined in the Northern Regional Jail.

Under the Prisoner Litigation Reform Act (PLRA), a prisoner bringing an action "with respect to prison conditions" under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. Upon initial review of the file, the undersigned noted that the plaintiff asserted that he had exhausted his administrative remedies through the grievance procedure. However, he did not attach proof of exhaustion.

The Fourth Circuit has found that exhaustion is an affirmative defense, but that a district court may inquire "on its own motion into whether the inmate has exhausted all administrative remedies." Anderson v. XYZ Correctional Health Services, 407 F.3d b674, 683 (4th Cir. 2005). The Regional Jail Authority has established a three-step grievance process. First, the prisoner must file a Level 1 grievance with the Administrator. If unsatisfied with the Level 1 decision, the prisoner may proceed to Level 2 by filing an appeal with the Chief of Operations and then may

proceed to Level 3 by requesting a review by the Executive Director.

Attached to the plaintiff's complaint in this matter were four Inmate Request/Grievance Forms, dated October 11, 2004, October 19, 2004, and two dated October 21 2004. They are all Level One grievances, and only the first is directed to the administrator and no response is attached. Accordingly, on October 6, 2006, the undersigned entered an Order setting forth the three-step grievance process established by the Regional Jail Authority and giving the plaintiff 20 days in which to provide the Court with copies of his level one, two, and three grievances, including the responses thereto. The Order also warned the plaintiff that failure to comply with its contents would result in dismissal of his complaint without prejudice.

As of November 8, 2006, the plaintiff has yet to file the required documentation or otherwise respond.

## **RECOMMENDATION**

In consideration of the foregoing , it is recommended that the plaintiff's Complaint (Doc. 1) be **DISMISSED** without prejudice.

Any party may file within ten (10) days of the date of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); cert. Denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the

*pro se* plaintiff and any counsel or record.

DATED: November 13, 2006

/s *John S. Kaull*

**JOHN S. KAULL**
**UNITED STATES MAGISTRATE JUDGE**